IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FELTON WILLIAMS, #M41136, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-00770-SMY ) |
| BIG MUDDY CORRECTIONAL CENTER, LT. CLARK, C/O HYDE, and C/O McANN, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Felton Williams, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff was involved in an altercation with another inmate at Big Muddy on May 18, 2017. (Doc. 1, p. 5). He was injured when several correctional officers intervened and broke up the fight. *Id*. Plaintiff claims that the officers violated his rights under the Eighth Amendment. *Id*. He now sues the prison and three correctional officers for monetary damages. (Doc. 1, pp. 1-2, 6).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

According to the Complaint, Plaintiff was involved in an altercation with another inmate at Big Muddy on May 18, 2017. (Doc. 1, pp. 5, 7). As inmates in the C-Wing walked to the chow hall for lunch, Plaintiff allegedly defended himself against an inmate attack. (Doc. 1, p. 5). Correctional officers quickly intervened and took steps to stop the fight. *Id*. They forced Plaintiff to the ground and placed him in cuffs. *Id*. After doing so, the officers continued to beat Plaintiff while he was restrained on the ground. *Id*. In the process, Officer Hyde allegedly broke Plaintiff's nose and another officer broke his tooth. *Id*.

Plaintiff identifies the following officers in connection with the incident: C/O Hyde, C/O McAnn, C/O Anderton and Lieutenant Clark. (Doc. 1, p. 5). He claims that the officers were "in

cahoots" with the health care unit (HCU), but does not elaborate. *Id*. Plaintiff seeks monetary damages against Big Muddy, C/O Hyde, C/O McAnn and Lieutenant Clark. (Doc. 1, p. 6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has reorganized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

> **Count 1 -** Eighth Amendment claim against Defendants for using excessive force against Plaintiff on May 18, 2017.
>
> **Count 2 -** Eighth Amendment claim against Defendants for failing to ensure that Plaintiff received adequate medical care for the injuries he sustained on May 18, 2017.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits. **Any claims that are mentioned in the Complaint but not identified above should be considered dismissed without prejudice from this action.**

## Claim Subject to Further Review

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment under the Eighth Amendment to the U. S. Constitution. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). The "core requirement" of an excessive force claim is that the prison guard "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). The relevant inquiry focuses on

the amount of force used and not on the injury that resulted. *Reid v. Melvin*, -- F. App'x --, 2017 WL 3601723 (7th Cir. Aug. 22, 2017) (citing *Hudson*, 503 U.S. at 1, 9).

Here, the complaint allegations suggest that the officers at Big Muddy used excessive force against Plaintiff on May 18, 2017. (Doc. 1, p. 5). After pinning Plaintiff to the floor and cuffing him, the officers allegedly continued to beat him. *Id*. At the time, it does not appear that he was resisting them. *Id*. Nevertheless, one officer broke his nose. *Id*. Another officer pushed Plaintiff's face into the ground and broke a tooth. *Id*. Accordingly, Count 1 survives preliminary review against the defendant officers named in connection with this claim, including C/O Hyde, C/O McAnn and Lieutenant Clark.[1] This claim shall be dismissed with prejudice against Big Muddy for the reasons discussed below.

## Claim Subject to Dismissal

### Count 2

State officials also violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim, a plaintiff must demonstrate that he suffered from a serious medical condition (*i.e.*, objective standard) and the state officials responded with deliberate indifference (*i.e.*, subjective standard). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

---

[1] Plaintiff also mentions C/O Anderton in connection with this incident, but he does not list C/O Anderton as a defendant in the case caption of the Complaint. When parties are not listed in the caption, this Court will not treat them as defendants and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

The allegations suggest that Plaintiff may have suffered from a serious medical condition. He sustained a broken nose and tooth as a result of the officers' use of force against him in May. (Doc. 1, p. 5). *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (broken nose); *Olson v. Morgan*, 750 F.3d 708 (7th Cir. 2014) (broken tooth). Thus, the Court assumes, without deciding, that the objective component of this claim is satisfied for screening purposes.

Even so, Plaintiff's Complaint does not satisfy the subjective component of this claim. To do so, Plaintiff must set forth allegations which suggest that one or more defendants responded to Plaintiff's medical needs with deliberate indifference. A prisoner is not required to show that the official actually intended harm or believed that it would occur. *Petties*, 836 F.3d at 728 (citing *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996)). He must instead show that the official knew of and disregarded a substantial risk of harm. *Farmer*, 511 U.S. at 836-38.

Plaintiff offers no indication that any of the defendants exhibited deliberate indifference to his serious medical condition under this standard. He does not indicate that anyone was aware of his injuries, that he requested treatment or that he was denied medical care. Further, his allegation that the officers and HCU were "in cahoots" does not suggest that they were deliberately indifferent to his medical needs. (Doc. 1, p. 5). The subjective component of this claim is not satisfied at screening. Therefore, Count 2 shall be dismissed without prejudice.

**Party Subject to Dismissal**

All claims against Big Muddy for money damages shall be dismissed with prejudice. Big Muddy is a division of the Illinois Department of Corrections ("IDOC"), which is a state government agency. The Eleventh Amendment bars suits against states in federal court for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788

(7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Neither the IDOC nor the prison qualifies as a "person" within the meaning of the Civil Rights Act. *See Will*, 491 U.S. at 71. Accordingly, neither is subject to a suit for money damages under § 1983. *Id*. Big Muddy shall therefore be dismissed with prejudice from this action.

### Disposition

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **C/O HYDE, C/O McANN** and **LIEUTENANT CLARK.**

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action because the Complaint fails to state a claim against this defendant upon which relief may be granted.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **C/O HYDE, C/O McANN** and **LIEUTENANT CLARK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2017**

<u>s/ STACI M. YANDLE</u>
**District Judge
United States District Court**