IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FELTON WILLIAMS, )
)
    Plaintiff, )
)
v. ) Case No. 3:17-cv-770-SMY-DGW
)
LT. CLARK, C/O HYDE, AND C/O )
MCANN, )
)
    Defendants. )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Felton Williams' Motion for Leave to File an Amended Complaint (Doc. 18). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### Procedural Background

Plaintiff Felton Williams, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center. More specifically, Plaintiff alleges he was attacked by another inmate and, after officers broke up that fight, they beat him and broke his nose. After a threshold screening of Plaintiff's complaint, he was allowed to proceed on an Eighth Amendment excessive force claim against C/O McAnn, C/O Hyde, and Lt. Clark.

Plaintiff now seeks to amend his complaint to add a claim of deliberate indifference against Nurses Rebecca and Jody, C/O Anderton, and Lt. Clark. Plaintiff alleges he told these defendants that his nose was broken, but they failed to provide, or take any action to ensure he received,

medical treatment. Plaintiff also seeks to add a retaliation claim against Lt. Clark and C/O Anderton, alleging these defendants purported to interview him, but used the interview to scare and intimidate him after he filed grievances. Finally, Plaintiff seeks to add a state law negligence claim against Nurses Jody and Rebecca related to their failure to treat or diagnose his broken nose, and a state law battery claim against C/O Hyde and McAnn related to their alleged attack on Plaintiff.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court reviews the claims set forth in Plaintiff's amended complaint in light of the standards set forth above and finds as follows.

1. **Count One: Eighth Amendment excessive force claim against C/O Hyde and C/O McAnn**

Plaintiff's proposed Count One is substantially similar to the Eighth Amendment claim currently pending in this action. However, Plaintiff has not named Defendant Clark in connection with this claim. As such, Plaintiff shall only move forward on his Eighth Amendment excessive force claim against Defendants Hyde and McAnn.

> **2. Count Two: Eighth Amendment deliberate indifference claim against C/O Anderton, Lt. Clark, Nurse Rebecca, and Nurse Jody**

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

Plaintiff's allegations against C/O Anderton, Lt. Clark, Nurse Rebecca, and Nurse Jody are sufficient to state an Eighth Amendment deliberate indifference claim. More specifically, Plaintiff alleges he advised these defendants that his nose was broken, but they failed to take any action to ensure he received adequate treatment. As a result, Plaintiff alleges he was made to wait approximately four months for treatment and his nose healed improperly. Plaintiff shall be allowed to proceed against Defendants Anderton, Clark, Nurse Rebecca, and Nurse Jody on an Eighth Amendment deliberate indifference claim.

> **3. First Amendment retaliation claim against Lt. Clark and C/O Anderton**

Plaintiff alleges Lt. Clark and C/O Anderton retaliated against him by taking him to

internal affairs for a purported interview as a guise to intimidate him for filing grievances.

Although only notice pleading is required, it is helpful to understand that to prevail on a First Amendment retaliation claim a plaintiff must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).

Here, Plaintiff has failed to adequately state a claim for retaliation against C/O Anderton or Lt. Clark. In particular, Plaintiff has failed to allege he suffered a deprivation likely to deter First Amendment activity. At most, Plaintiff's allegations amount to verbal harassment, and it is well settled that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the law." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

**4. State law negligence claim against Nurse Jody and Nurse Rebecca**

Plaintiff seeks to add a state law negligence claim against Nurse Jody and Nurse Rebecca for their alleged failure to provide medical care for his injuries sustained on May 18, 2017. Based on his allegations, it appears Plaintiff is attempting to bring a medical negligence claim against Nurses Jody and Rebecca.

Pursuant to 735 ILCS § 5/2-622, "any action, whether in tort, contract, or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital or other healing malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit" attesting that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action."

Failure to abide by this requirement "shall be grounds for dismissal." *Id.* The Seventh Circuit has determined that while dismissal is necessary, courts have discretion to dismiss with or without leave to amend. *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000).

The Court has reviewed Plaintiff's proposed amended complaint and the exhibits thereto, including his medical records, and finds he has failed to comply with 735 ILCS § 5/2-622. Accordingly, any effort to proceed on his medical negligence claim would be futile.

### 5. State law battery claim against C/O Hyde and C/O McAnn

Under Illinois state law, battery is defined as the unauthorized touching of another's person. *Welton v. Ambrose*, 814 N.E. 962 (Ill. App. Ct. 2001). Plaintiff has stated a claim for battery under Illinois state law against Defendants Hyde and McAnn. Plaintiff's battery claim is based on the conduct underlying his Eighth Amendment excessive force claim against the same Defendants. Although Plaintiff has pled two distinct legal theories, they are based on the same set of facts and Plaintiff will only be permitted one recovery under the law for the same harm.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be allowed to amend his complaint to proceed on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

- Count One: Eighth Amendment excessive force claim against C/O Hyde and C/O McAnn.
- Count Two: Eighth Amendment deliberate indifference claim against C/O Anderton, Lt. Clark, Nurse Rebecca, and Nurse Jody.
- Count Three: State law battery claim against C/O Hyde and C/O McAnn.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed second amended complaint

(submitted to the Court on February 23, 2018) as the First Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed second amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendants C/O Anderton, Nurse Rebecca, and Nurse Jody: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**