IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FELTON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-00770-SMY |
| | ) |
| BIG MUDDY CORRECTIONAL | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court on the Order to Show Cause (Doc. 109) and Plaintiff's Motion for Recruitment of Counsel (Doc. 114).

The Court issued the Order to Show Cause due to Plaintiff's noted inactivity. Plaintiff failed to file responses or to request additional time to respond to motions for summary judgment filed by Defendants. Additionally, Plaintiff was mailed a Notice and Consent to Proceed before a Magistrate Judge but failed to file a consent or affirmative declination to consent as required by Administrative Order 257, and mail sent to Plaintiff was returned as undeliverable.

In response to the Order to Show Cause, Plaintiff filed a notice stating he was having issues with his "mailing service." (Doc. 112). However, he did not address his failure to file a response to Defendants' motions for summary judgment or his failure to comply with Administrative Order 257. Out of an abundance of caution, the Court will discharge the Order to Show Cause and grant Plaintiff leave to file responses to the motions for summary judgment within 30 days. Because the motions were filed more than six months ago, there will be no further extensions of the deadline to file a response. **Plaintiff is advised that the deadline to file a response will not be extended any further and his failure to respond to the motions will be considered an admission of the facts set forth in the motion and the merits of the**

**motion.** *See* SDIL Local Rule 7.1(c) ("failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion"); Fed.R.Civ.P. 56(e)(facts may be considered undisputed if a party fails to respond as required by Rule 56(c)); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(failure to respond by the nonmovant as mandated by the local rules results in an admission).

Plaintiff has also filed a fourth Motion for Recruitment of Counsel. (Doc. 114). He seeks the Court's assistance in recruiting counsel because he has been unable to obtain counsel on his own and he has a limited education. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When determining whether to grant a plaintiff's request for recruitment of counsel, the court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654.

The Court previously found that Plaintiff has made a reasonable attempt to obtain counsel on his own. His prior requests for counsel were denied because he has demonstrated that he is competent to litigate this matter on his own. (Docs. 21, 41, 62). Plaintiff does not cite any new reason or change in his circumstances warranting the recruitment of counsel at this time.

Accordingly, the Order to Show Cause (Doc. 109) is **DISCHARGED**; Plaintiff is granted leave to file responses to Defendants' Motions for Summary Judgment (Docs. 94, 97) on or before **JULY 20, 2020**. Plaintiff's Motion for Recruitment of Counsel (Doc. 114) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
